UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | EDCV 26-5802-AS | Date | July 13, 2026 |
|---|---|---|---|
| Title | *Milagro Beatriz Erazo Saravia v. Fereti Semaia, et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondents: |
| Ron Quijada , II | | Aaron Kollitz |

**Proceedings (In Chambers):   ORDER (1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 17) AND (2) DIRECTING RESPONDENTS TO FILE STATUS UPDATE**

On May 29, 2026, Petitioner Milagro Beatriz Erazo Saravia (A# 200-771-105), who is represented by counsel and is an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging her arrest and detention. (Dkt. No. 1). As noted in the Petition, she was ordered removed from the United States in September 2012, but she was also granted withholding of removal as to her country of citizenship, El Salvador. (See Petition Ex. 1). She had been on supervised release since then, until ICE re-detained her on March 16, 2026. (See Petition ¶¶ 27-28). On June 5, 2026, Respondents filed an Answer arguing that they are authorized to detain Petitioner at this time to effectuate her "imminent" removal to a third country, Mexico. (Dkt. No. 8). Respondents noted that they served Petitioner with a "Notice of Removal" on March 19, a few days after her arrest, advising her that ICE "intends to remove [her] to Mexico." (See Answer Ex. 2). Petitioner filed a Traverse on June 8, 2026. (Dkt. No. 9).

Following a telephonic status conference on June 25, 2026, Respondents were ordered to file a supplemental brief regarding, among other things, the status of the government's efforts to remove Petitioner to Mexico. (Dkt. No. 13). On July 1, Respondents filed their supplemental brief (Dkt. No. 16), along with a Notice of Intended Removal which states that they "intend to remove Petitioner on July 4, 2026 in accordance with her final removal order (Dkt. No. 14). The next day, Petitioner filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | EDCV 26-5802-AS | Date | July 13, 2026 |
|-----|-----------------|------|---------------|
| Title | *Milagro Beatriz Erazo Saravia v. Fereti Semaia, et al.* | | |

application for a temporary restraining order ("TRO") seeking to enjoin Respondents from removing her from the United States pending the resolution of her Petition.  (Dkt. No. 17).

The Court **DENIES** Petitioner's TRO Application because this Court is not empowered to provide the relief it seeks.  Congress expressly deprived courts of jurisdiction "to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders . . . .*"  8 U.S.C. § 1252(g) (emphasis added). The Ninth Circuit held, in Rauda v. Jennings, 55 F.4th 773, 776-78 (9th Cir. 2022), that this provision barred the court from reviewing the petitioner's emergency motion to enjoin the government from removing him pending resolution of his motion to reopen his removal proceedings before the Board of Immigration Appeals.  In so holding, the court noted that the government's "discretion to decide whether to execute a removal order includes the discretion to decide when to do it."  Id. at 777 (quoting Tazu v. Att'y Gen. U.S., 975 F.3d 292, 297 (3d Cir. 2020)).  Thus, "[n]o matter how Petitioner frames it, [her] challenge is to the [government's] exercise of [its] discretion to execute [Petitioner's] removal order, which [the Court has] no jurisdiction to review."  Id. at 778 (citing Camarena v. Dir., ICE, 988 F.3d 1268, 1274 (11th Cir. 2021)).  Petitioner's arguments to the contrary are not persuasive in these circumstances.  Under the Court's "Notice of General Order 26-05 and Briefing Schedule," Respondents must provide "at least two court days' notice" to Petitioner, her counsel, and the Court of their intent to remove her from this District.  (Dkt. No. 5).  Beyond that, no relief is available here regarding the government's discretion to remove her pursuant to her final order of removal.

The Petition remains under review.  Notwithstanding Respondents' asserted intention to remove Petitioner to Mexico on July 4 (see Dkt. No. 14), ICE's Online Detainee Locator System (https://locator.ice.gov) indicates that she is still being detained at the Adelanto ICE Processing Center. Accordingly, the Court **ORDERS** Respondents to file a status update regarding Petitioner's detention and removal by no later than **July 16, 2026**.

IT IS SO ORDERED.

|  | 0 | : | 00 |
|--|---|---|----|
| Initials of Preparer | AF | | |